**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose CARDENAS–MENDOZA,**
**Defendant–Appellant.**

**No. 15-10473**

United States Court of Appeals,
Ninth Circuit.

Submitted October 25, 2016 *

Filed November 1, 2016

Angela Walker Woolridge, Assistant U.S. Attorney, USTU—Office of the US Attorney, Tucson, AZ, for Plaintiff–Appellee

Jose Cardenas–Mendoza, Pro Se

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

### MEMORANDUM **

Jose Cardenas–Mendoza appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cardenas–Mendoza contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

2009). The district court correctly concluded that Cardenas–Mendoza is ineligible for a sentence reduction because Amendment 782 did not lower his applicable sentencing range. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 673–74. Moreover, because the district court lacked authority to reduce Cardenas–Mendoza's sentence, it had no cause to consider the 18 U.S.C. § 3553(a) factors. *See Dillon v. United States*, 560 U.S. 817, 826–27, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010).

To the extent that Cardenas–Mendoza seeks to challenge his sentence as procedurally erroneous and substantively unreasonable, these claims are not cognizable in a section 3582(c)(2) proceeding. *See Dillon*, 560 U.S. at 826, 130 S.Ct. 2683 (section 3582(c)(2) does not permit a "plenary resentencing proceeding").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.